# CHARLESTON.

### STATE *v.* GRANT WATSON

### (No. C. C. 348)

### Submitted April 14, 1925.    Decided April 21, 1925.

1. CRIMINAL LAW—*Statutory Form of Indictment for Murder Does Not Include Offense of Malicious and Felonious Assault With Intent to Maim, Disfigure, Disable and Kill.*

   The statutory form of indictment for murder, prescribed in Section 1, of Chapter 144, Code 1923, does not include the lesser offense of malicious and felonious assault with intent to maim, disfigure, disable and kill. (p. 36).

   (Criminal Law, 16 C. J. § 443).

2. SAME—*Discharge from Prosecution for Murder Does Not Bar Subsequent Indictment for Malicious and Felonious Assault With Intent to Maim, etc., Person Alleged to Have Been Murdered.*

   Discharge from prosecution for the crime of murder, charged in the statutory form, because of failure of the State to try the accused within three regular terms of the court as prescribed in Sec. 25, Chap. 159, Code 1923, does not bar subsequent indictment against the same defendant for malicious and felonious assault with intent to maim, disfigure, disable and kill, upon the person alleged to have been murdered in the murder indictment. (p. 37).

   (Criminal Law, 16 C. J. § 443).

   NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.

Certified Questions from Circuit Court, Barbour County.

Grant Watson was prosecuted for malicious and felonious assault with intent to maim, etc., and after sustaining the State's demurrer to the special plea of autrefois acquit, the court certifies questions.

*Ruling affirmed.*

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

LIVELY, PRESIDENT:

The defendant was indicted at the September Special Term 1924 of the Circuit Court of Barbour County, upon an indictment charging him with malicious and felonious assault with intent to maim, disfigure, disable and kill one Hazel Boudman. To this indictment he filed a special plea of autrefois acquit in which he averred that at the April Term 1923 of the Circuit Court of Barbour County he was indicted for the murder of Hasel Budman (Hazel Boudman); that at the said term of court he pleaded not guilty to the indictment; that at the October Term of said court 1923, and for three successive terms thereafter, the trial upon the indictment was continued upon motion of the State, but for none of the causes mentioned in the statute. Defendant then vouched the record of the proceedings had on the prior indictment, and further averred that the indictment herein is for an offense against the same Hasel Budman (Hazel Boudman), which was described in the indictment for murder, and defendant is the same defendant named in the murder indictment; that the offense charged against defendant in each of the indictments, is the same overt act of defendant and charged to have been committed at the same time, and both of the offenses charged are one and the same act of defendant and charged against the same person. Defendant further averred that since he has been discharged from the murder indictment by reason of the failure of the State to prosecute him therefor within the time prescribed by sec. 25, chap. 159, Code 1923, he is entitled to be exempt from prosecution under the present indictment found at the September Special Term 1924.

The State demurred to the special plea of autrefois acquit. The court sustained the demurrer, and upon its own motion certified the following questions to this court:

"1. Is the plea good on its face?

2. Does an indictment for murder in the form prescribed by section 1, of chapter 144, of the Code, include the felony described in the indictment herein, which was found under section 9, of chapter 144, of the Code?

3. Does the dismissal of the murder indictment above mentioned, preclude the State from trying the defendant

under the present indictment for feloniously and maliciously shooting, cutting, stabbing and wounding the prosecuting witness with intent to maim, disfigure, disable and kill?''

The indictment for murder upon which defendant was discharged, was in the form prescribed by sec. 1, chap. 144, Code 1923. It charged that ''defendant on the———day of February, 1923, in the said County of Barbour, feloniously, willfully, maliciously, deliberately and unlawfully did slay, kill and murder one Hazel Boudman * * *.''

If the statutory form of indictment for murder includes the offense of malicious and felonious assault with intent to maim, disfigure, disable and kill, then the discharge of the defendant under the murder indictment would preclude the State from trying the defendant under the present indictment, for if there be an acquittal of an offense, or a bar having the same effect as an acquittal, which offense necessarily includes within it the commission of a lesser offense, an acquittal of the higher bars a subsequent prosecution for the lesser. The statutory form of indictment for murder does not include the averment of the commission of an assault, and where such is the case the better view would seem to be that the offense of malicious and felonious assault with intent to maim, disfigure, disable and kill, is not included in an indictment for murder in the form prescribed by the statute. Our case of *State* v. *Lutz,* 85 W. Va. 330 is in point, and the principles there laid down control the questions certified in this case. In that case this court held that under an indictment for murder, in the form prescribed by sec. 1, of chap. 144 of the Code, which indictment did not also aver facts constituting an assault or assault and battery, it was error in giving an instruction defining the offenses of which accused might be found guilty under the indictment, to tell the jury, if they did not find him guilty of the graver offenses covered by the indictment, they might find him guilty of assault and battery. Judge MILLER in the *Lutz case,* said :

''The question presented is, can one so indicted be found guilty of felonious· assault or assault and battery on such an indictment? In the recent case of *State* v. *Vineyard,* 81 W. Va. 98, 102, an instruction so telling the jury seems to have had the passing approval of this court, though not made a

point of decision. In that case the prisoner was found guilty
of involuntary manslaughter, and the point now raised by
us as to the correctness of the proposition, was not then made
nor particularly pointed out. As observed before, the same
section of the statute which prescribes the form of indictment
also says that under it the accused 'may be convicted either
of voluntary or involuntary manslaughter.' It does not say,
as the instructions do, that he may also be convicted of feloni-
ous assault or simple assault and battery. The inclusion of
voluntary and involuntary manslaughter in the statute would
seem on a familiar rule of construction to exclude all other
offenses not necessarily included in the charge of murder.
At common law and independently of statute it was the rule,
in an indictment for homicide, to aver the instrument and
means by which the offense was committed, and if these in
addition to murder amounted to an assault, the accused might
then be convicted of assault or assault and battery, if battery
was also averred. But not so where a statutory form of indict-
ment is used which does not describe an assault or assault
and battery. *Moore* v. *State*, 59 Miss. 25; *Watson* v. *State*,
116 Ga. 607, 21 L. R. A. (N. S.) 1, and note page 11. The
reason for this rule is that murder does not necessarily include
assault and battery, as for example when committed by
poisoning, and that unless the offense of assault and battery
is included, the accused on a trial upon such statutory form
of indictment has not had his day in court. In the Mississippi
case cited, upon an indictment for assault and battery, the
defendant pleaded an acquittal by former adjudication upon
an indictment for a graver offense which did not include the
lesser, and it was held that his plea was properly rejected.
So the law is that unless the indictment does describe an
offense of the lesser degree not involved in the crime charged,
the accused can not be found guilty of the lesser offense, and
our apparent approval of any instruction stating the con-
trary proposition must be regarded as disapproved." On
this point see also *Scott* v. *The State*, 60 Miss. 268 and 31 C.
J. sec. 501, page 860.

It being apparent from the face of the plea of autrefois
acquit that the offenses charged in the two indictments under
consideration are distinct offenses, the demurrer to the special
plea was properly sustained.

Our conclusion is that the lower court ruled correctly when it sustained the demurrer to the special plea of autrefois acquit as being bad on its face; that an indictment for murder in the form prescribed by section 1, of chapter 144, of the Code, does not include the felony described in the indictment herein found under section 9, of chapter 144, of the Code; and that the dismissal of the murder indictment based on the statutory form and containing no averment of an assault, does not preclude the State from trying the defendant under the present indictment for malicious and felonious assault with intent to maim, disfigure, disable and kill, and we so answer the questions certified.

*Ruling affirmed.*