Richard HOLLAND, Petitioner,

v.

Ira M. COINER, Warden of the West Virginia State Penitentiary, Respondent.

Civ. A. No. 68–147–E.

United States District Court
N. D. West Virginia.

Nov. 20, 1968.

No appearance for petitioner.

C. Donald Robertson, Atty. Gen. of West Virginia, Charleston, W. Va., for respondent.

MAXWELL, Chief Judge.

Petitioner, Richard Holland, is presently serving a life sentence in the West Virginia Penitentiary for first degree murder, imposed in 1964 by the Common Pleas Court of Cabell County, West Virginia, upon a guilty verdict returned by a jury after trial. He applies for federal habeas corpus relief pursuant to 28 U.S.C.A. § 2241 (1959) and 28 U.S.C.A. § 2254 (Supp.1967), alleging that the conviction under which he is presently confined is based upon an invalid indictment.

Petitioner was originally sentenced to life imprisonment in 1952 after entering a guilty plea to first degree murder. In 1963 this Court granted Petitioner a plenary hearing on his federal habeas corpus petition and, upon consideration of all the issues raised or suggested, awarded petitioner a new trial, on the grounds that his trial counsel, who also represented Petitioner's sister, a co-defendant in the case, could not have effectively represented the best interests of Petitioner Holland. Holland v. Boles, 225 F.Supp. 863 (N.D.W.Va.1963). Petitioner is presently confined under the life sentence imposed upon conviction at his retrial. Subsequent to his retrial and resentencing by the State, which was affirmed by the West Virginia Supreme Court of Appeals, State v. Holland, 149 W.Va. 731, 143 S.E.2d 148 (1965), Petitioner again sought habeas corpus relief from this Court. After a full evidentiary hearing before this Court in 1966, at which numerous issues were raised and considered, Petitioner again received relief and was given credit for time served between his first trial in 1952 and his retrial in 1964. Holland v. Boles, 269 F.Supp. 221, (N.D. W.Va.1967). In 1967 and 1968 applications for habeas corpus relief filed by Petitioner were dismissed as raising friv-

olous grounds unsupported by any evidence.

In his current attempt for relief Petitioner alleges that, although the indictment returned against him followed the statutorily prescribed form, it failed to include the lesser offense of "felonious assault with intent to maim, disfigure, disable and kill." He claims that the indictment therefore being void, he was denied his day in court, in that the intent with which the act was done was eliminated from jury consideration.

■ This allegation can be said as a matter of law to be entirely without merit. Under the statutory form of indictment for murder, there is no averment of an act of assault, West Virginia Code, § 62-9-3 (Michie 1966), and therefore, the offense of felonious assault with intent to maim, disfigure, disable, and kill is not an offense included therein. State v. Watson, 99 W.Va. 34, 127 S.E. 637 (1925). Thus, conversely to Petitioner's argument, unless the statutory murder indictment contains additional averments of a crime of "lesser degree," indeed, an entirely different crime, such as felonious assault, the accused is effectively shielded from conviction of the excluded lesser offense, and it would be error to instruct the jury or the jury to so find to the contrary. State v. Lutz, 85 W.Va. 330, 101 S.E. 434 (1919).

■ It is elementary that the prosecutor in a criminal matter is given wide latitude in selecting the crime or crimes for which an accused will be charged and prosecuted. In the present case the prosecutor chose to institute a murder charge against Petitioner. It is not the province of the Petitioner to direct or substitute his desires for the discretionary choice given to the prosecutor. This conclusion is true especially where on reflection in a post-conviction case there is a basis for the offense charged, as evidenced by Petitioner's subsequent conviction by a jury verdict. To require that elements of other unrelated—totally different in law—crimes

be presented along with the primary offense charged in the indictment, which Petitioner argues is constitutionally mandatory, would be to require the introduction of confusion and duplicity in every criminal case. There appears to be no legal foundation for this entirely frivolous assertion.

It is this Court's finding that Petitioner's application should be dismissed as frivolous without further consideration.

In his petition, Petitioner acknowledges that in various Circuit Courts in West Virginia he has filed 14 habeas corpus petitions, in the West Virginia Supreme Court of Appeals he has filed a phenomenal 35 petitions, and in this Court he has filed for federal habeas corpus 15 times, receiving relief from this Court on two occasions.

■ Under 28 U.S.C.A. § 2244 (Supp.1967) it appears that regardless of the number of prior applications for relief a Petitioner may have earlier submitted, if a subsequent petition presents new grounds involving federal constitutional deprivation, it should not be denied. Sanders v. United States, 373 U. S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1962). Notwithstanding this premise a full consideration on the merits can properly be avoided if a purposeful or designed abuse of the writ is apparent. Sanders v. United States, supra, 373 U. S. at 17, 83 S.Ct. at 1068. As Justice Brennan pointed out in Sanders:

> If a prisoner deliberately withholds one of two grounds for federal collateral relief at the time of filing his first application, in the hope of being granted two hearings rather than one or for some other such reason, he may be deemed to have waived his right to a hearing on a second application presenting the withheld ground. Sanders v. United States, supra, 373 U.S. at 18, 83 S.Ct. at 1078.

This matter is dealt with statutorily in 28 U.S.C.A. § 2244(b) (Supp.1967), which provides that a subsequent application for a writ of habeas corpus in be-

half of a state prisoner who has been previously afforded a full evidentiary hearing on the merits and denied relief, "need not be entertained * * * unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, *and* unless the court * * * is satisfied that the applicant has not on the earlier application *deliberately withheld the newly asserted ground or otherwise abused the writ.*" (Emphasis added). This appears to adopt the view expressed by Justice Harlan, dissenting in *Sanders,* and subscribed to by this Court, that "a 'new ground,' within the meaning of § 2244, is one that has not previously been asserted and had not previously been *known.*" Sanders v. United States, supra 373 U.S. at 27, 83 S.Ct. at 1083 (dissent). It should also be noted that the above section places the justification for the denial of an evidentiary hearing in the case of a successive application in the sound discretion of the federal trial judge.

The writ of habeas corpus is not a toy and courts must carefully guard it against desecration. Where one seeks relief through federal habeas corpus he should include every conceivable allegation in his first petition. This is not to infer that frivolous claims should be included. All legitimate constitutional contentions and factual disputes should be asserted in his original application.

Petitioner here has had at least four petitions before this Court since his retrial and resulting jury conviction. In connection with the petition in the case reported in 269 F.Supp. 221 (N.D.W. Va. 1967), a full plenary hearing was held in this Court. A capable attorney was appointed to represent Petitioner at that hearing and several additional contentions, not alleged by Petitioner in his petition, were presented as possible grounds for relief. At this hearing opportunity was presented to raise the issue now asserted. In this same earlier proceeding, part of the Respondent's answer contained a copy of the state trial court indictment, here assaulted, against Petitioner. In another of Petitioner's earlier applications, Civil Action File No. C-68-25-E, the indictment attack here was thoroughly considered upon the allegation that it was defective. Here, again, was a declined opportunity for Petitioner to raise the contention he now raises.

The only conclusion either apparent or applicable here is that Petitioner has grossly and flagrantly abused the writ of habeas corpus within the context of 28 U.S.C.A. § 2244(b) (Supp.1967). This is inferentially conspicuous, at least, by the prodigious number of applications he has submitted. Petitioner has had opportunity after opportunity to present in any one of his previous petitions the ground now asserted. The only plausible conclusion is that he deliberately by-passed this allegation in his prior petitions, so that after other grounds had been raised and denied, he would be able, in a subsequent petition such as this, to raise this ground and possibly others. Judicial finality cannot be impeded by permitting such tactics totally lacking in good faith. It is the judgment of this Court that the facts here demonstrate such flagrant abuse of the writ as to render unwarranted further consideration of the contention now presented.

In addition to the reasons for denying this petition already set forth, Petitioner admits in Question 21 of his petition that the grounds alleged in Question 19 of his petition have not been previously raised in any court, state or federal, by any proceeding. Therefore, this petition is also dismissed for failure to exhaust state remedies as required by 28 U.S.C. A. § 2254(c) (Supp.1967).

An order will be entered permitting Petitioner to proceed in forma pauperis, filing the petition, filing this opinion as a part of the record herein, denying the petition for reasons stated in this memorandum, dismissing and retiring this matter from the docket and advising Petitioner of the statutory requirements for perfecting a timely appeal.