Marvin C. TOWLER, Petitioner,

v.

C. C. PEYTON, Superintendent, Virginia State Penitentiary, Respondent.

Civ. A. No. 69-C-32.

United States District Court
W. D. Virginia,
Danville Division.

Aug. 27, 1969.

Gerald L. Baliles, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION AND JUDGMENT

DALTON, Chief Judge.

This case comes before the court on a petition for a writ of habeas corpus filed *in forma pauperis* by Marvin C. Towler, a state prisoner, pursuant to 28 U.S.C. § 2241. The petition was filed with this court on June 9, 1969.

Petitioner was convicted on May 30, 1968, by the Corporation Court of the City of Danville on three counts of malicious bodily injury and one count of sodomy. Petitioner received a total of twenty years confinement in the state penitentiary for these offenses. He is presently serving a term of six years on the first count of malicious wounding. Petitioner was represented at his trial by court appointed counsel.

Petitioner appealed his conviction directly to the Virginia Supreme Court of Appeals. On April 29, 1969, that court affirmed the judgment of the trial court.

Petitioner alleges two constitutional errors in his petition. First, petitioner claims that he was denied, in violation of the Fourteenth Amendment, adequate funds from the state to secure a psychiatric examination for his defense. Secondly, he claims that he was unconstitutionally convicted of sodomy upon his own wife. These claims were presented to the Virginia Supreme Court

of Appeals on direct appeal. Petitioner has properly exhausted his state remedies in compliance with 28 U.S.C. § 2254. See Grundler v. State of North Carolina, 283 F.2d 798, 800 (4th Cir. 1960). Further, under Peyton v. Rowe, 391 U.S. 54, 88 S. Ct. 1549, 20 L.Ed.2d 426 (1968), petitioner may attack the conviction of sodomy for which the sentence will run in the future.

■ The court finds no violation of the Fourteenth Amendment as to petitioner's first contention. Petitioner was sent by the court before trial to Central State Hospital for a psychiatric examination. It was later argued for petitioner that the state should provide funds for an independent psychiatric examination of petitioner. The case of McGarty v. O'Brien, 188 F.2d 151 (1st Cir. 1951), is similar on its facts to the present case. There an indigent was tried for murder. He was appointed counsel and was also sent to state psychiatrists for examination. Counsel for defendant sought to secure funds from the state to employ two psychiatrists for an independent examination. This request was denied. The court in upholding this denial noted that:

> This is not a case where the state has refused to provide an impartial psychiatric examination of the accused with a view to determining his sanity and criminal responsibility. * * * The doctors designated by the Department of Mental Health to make the examination are not partisans of the prosecution, though their fee is paid by the state, any more than is assigned counsel for the defense beholden to the prosecution merely because he is, as here, compensated by the state. Each is given a purely professional job to do * * *. 188 F.2d at 155.

The court can find no basis for defendant's claim. The state provided him with an adequate psychiatric examination. The field of psychiatry is a very complicated one and presumedly if petitioner had been examined by enough psychiatrists, he might find one that would testify as he wanted. The state is not obliged to provide the funds for this fishing expedition. The state fulfilled its obligation to petitioner in this respect when it provided the funds for the examination at the Central State Hospital. This was an impartial, psychiatric examination conducted by Dr. L. E. Kevin, Jr., who testified at the trial as to his findings.

■ Secondly, petitioner claims that the Virginia Sodomy Statute is unconstitutional as applied to the husband and wife situation. The law in this area is in the embryo stage. The court is guided in its decision by the recent case of Cotner v. Henry, 394 F.2d 873 (7th Cir. 1968). In that case the defendant, Cotner, was being tried for sodomy on his wife under the Indiana Sodomy Statute.

The court held that:

> The import of the *Griswold* [Griswold v. State, 381 U.S. 479, 85 S.Ct. 1678, 14 L.Ed.2d 510] decision is that private, consensual, marital relations are protected from regulation by the state through the use of a criminal penalty. No appellate court in Indiana has had the opportunity to interpret the Indiana Sodomy Statute in light of its potential application to the privacy of married couples. Under *Griswold* Indiana courts could not interpret the statute constitutionally as making private consensual physical relations between married persons a crime absent a clear showing that the state had an interest in preventing such relations, which outweighed the constitutional right to marital privacy. * * * the protection of the *Griswold* rule would not be available to Cotner if there was a showing that Cotner employed force. 394 F.2d at 875 and 876.

The grand jury indictment charged petitioner with forcing the act of sodomy on his wife. From a reading of the trial record, the court finds facts from which the judge hearing the case without a jury could infer the use of force. Because the petitioner was tried and convicted of forcing this act of sodomy on his wife, the court finds the Virginia Sodomy

Statute not to be unconstitutional as applied to the facts of this case.

Finally, petitioner asserts in a supplemental petition that he was denied due process and the equal protection of the laws by reason of the failure of the clerk of the Corporation Court of the City of Danville to mail him upon request a copy of the court records.

■■ Indigents are not entitled to a transcript of the trial proceedings for use in habeas corpus matters without a showing of need. See United States v. Shoaf, 341 F.2d 832 (4th Cir. 1964); United States v. Glass, 317 F.2d 200 (4th Cir. 1963). The court does not find that petitioner is in need of a transcript of the proceedings as to the contentions he has raised.

It is, therefore, adjudged and ordered that the petition for habeas corpus be dismissed and the writ denied.

A certified copy of this opinion and judgment is directed to be sent to the petitioner and to the respondent.