**William Reece JOHNSTON, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 622–69.**

United States Court of Appeals, Tenth Circuit.

April 17, 1970.

William L. Panagulis for plaintiff-appellant.

Richard Oxandale, Asst. U. S. Atty. (Robert J. Roth, U. S. Atty., on the brief), for defendant-appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Johnston was convicted in 1957 of bank robbery and the conviction was affirmed. Johnston v. United States, 10 Cir., 260 F.2d 345, cert. denied 360 U.S. 935, 80 S.Ct. 1454, 4 L. Ed.2d 1547. This is his seventh application for post-conviction relief.

The first was in 1960 on the ground that the trial judge was improperly assigned to the District of Kansas. It was denied and no appeal taken.

The second was in 1960 and alleged mental incompetency because of administration of drugs. After an evidentiary hearing, relief was denied and we affirmed. Johnston v. United States, 10 Cir., 292 F.2d 51, cert. denied 368 U.S. 906, 82 S.Ct. 186, 7 L.Ed.2d 100.

The third was in 1961 and was based on denial of the right of allocution. After a hearing, relief was denied and we again affirmed. Johnston v. United States, 10 Cir., 303 F.2d 343.

The fourth was in 1963 and claimed trial errors. It was denied without hearing and we affirmed. Johnston v. United States, 10 Cir., 331 F.2d 997.

The fifth was in 1965 and was based on the legality of a search of an automobile. An evidentiary hearing was held and relief denied. On appeal, we affirmed in an unreported decision based on Gaitan v. United States, 10 Cir., 317 F.2d 494. Certiorari was denied, Johnston v. United States, 384 U.S. 920, 86 S.Ct. 1371, 16 L.Ed.2d 441.

The sixth was in 1966 and complained of illegal surveillance of conversations between applicant and his attorney. The district court held an evidentiary hearing and denied relief. No appeal was taken.

The seventh, and pending, application for relief under 28 U.S.C. § 2255, was filed in 1969, and raises the question of the car search which was disposed of by the fifth application.

■ We again call to the attention of the district judges the decision in Sanders v. United States, 373 U.S. 1, 15–19, 83 S.Ct. 1068, 10 L.Ed.2d 148, which sets out the principles governing successive applications for post-conviction relief. The Court pointed out that a "judge is not required to limit his decision on the first motion to the grounds narrowly alleged" and "is free to adopt any appropriate means for inquiry into the legality of the prisoner's detention in order to ascertain all possible grounds upon which the prisoner might claim to be entitled to relief." Ibid at 22, 83 S. Ct. at 1081. One method of meeting the problem is described in the article "Pre-Trial Suggestions" by Judge James M. Carter in 32 F.R.D. 391.

Counsel for the applicant says that the present application is made in changed circumstances because of the 1969 decision in Kaufman v. United States, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227, which holds that a claim of an unconstitutional search and seizure is cognizable in a § 2255 proceeding. That principle is not new in this circuit. We held to the same effect in our 1963 Gaitan decision. See Kaufman, supra, at 221, n. 4, 89 S.Ct. 1068.

The facts are not in dispute. Johnston and a companion were arrested on September 28, 1957, by a Milwaukee traffic officer who observed that the car in which they were riding was covered by a pickup order. He commandeered a private car, gave chase, and when the other car was stopped by a traffic light, he arrested the two occupants. He frisked them for weapons, observed a bag on the floor of the passenger's side of the front seat, was joined by motorcycle officers, and forced the car's occupants to drive to the police station about a mile and a half away. They were there searched, and substantial amounts of money were found on their persons. The traffic officer and others then went to the car and retrieved the bag which contained two loaded guns and a substantial amount of currency. There was no search warrant for the car. There was no evidence that federal officers participated, directly or indirectly, in the arrest, the search, or the seizure or that any of those acts were for the benefit of the United States. At the trial evidence of the search was received without objection. There was testimony that the guns appeared similar to those used by the two bank robbers. A particular one-dollar bill was identified as having come from the robbed bank.

By its 1960 decisions in Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669, and Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688, the Supreme Court overturned the silver platter doctrine, which permitted the use in federal court of evidence obtained by state officers in an unlawful search. In Gaitan, supra, we considered a § 2255 proceeding where the question was the retroactivity of Elkins. We held that the decisional change made by Elkins and Rios should not be applied retrospectively.

In the case before us, the arrest, the search, the seizure, the trial, and the decision on appeal all preceded Elkins and Rios. The 1964 decision in Preston v. United States, 376 U.S. 364, 84 S.Ct. 881, 11 L.Ed.2d 777, is not pertinent. There the arrest and the search occurred in 1961. See United States v. Sykes and Preston, 6 Cir., 305 F.2d 172, 174. The Court had no concern with the silver platter doctrine.

■ The important consideration is not the retroactivity of Preston but rather the retroactivity of Elkins and Rios. In Gaitan we declined to apply

those decisions retroactively. We believe that our action finds support in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. The Court was there concerned with the retroactivity of the rule announced in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L. Ed.2d 1081, that evidence seized in violation of the Fourth Amendment could not be used in state courts. The Court held that the exclusionary rule did not apply to convictions which had become final before the Mapp decision. In the case at bar the conviction was final before Elkins and Rios were decided. The Linkletter reasoning against retroactivity applies with equal force to the instant case. We are not constrained to reexamine our Gaitan decision, and we remain convinced, as we were in 1965, that Gaitan controls and forecloses the relief requested.

Affirmed.