**Paul C. WEATHERS, Petitioner,**

v.

**UNITED STATES of America, United States District Court, District of South Carolina, Respondents.**

**Civ. A. No. 70–330.**

United States District Court,
D. South Carolina,
Columbia Division.

May 22, 1970.

Paul C. Weathers, pro se.

Joseph O. Rogers, Jr., U. S. Atty., Columbia, S. C., for the Government.

## OPINION and ORDER

DONALD RUSSELL, District Judge.

This is another petition filed by the petitioner herein, a federal prisoner, under Section 2255, 28 U.S.C.

In his earlier petition, this Court appointed counsel. Such counsel carefully and meticulously examined with the petitioner all the possible grounds to assail his sentence. As a consequence of such review, it was agreed by the petitioner, after consultation with his counsel, to abandon all claims other than the one specifically resolved by this Court in its later opinion in that proceeding. A hearing was thereafter had, at which the petitioner, with his appointed counsel, was present. Counsel for the petitioner reviewed on examination under oath all the claims for relief theretofore asserted by the petitioner in his petition and the petitioner formally under oath disclaimed any purpose of pressing any claim other than the one then pressed upon the Court which, incidentally, involved the application of the Youth Corrections Act. Not content with such disclaimers, and in an obvious attempt to avoid subsequent litigation, the District Attorney attempted to refute, by testimony, any possible factual basis for any claim for relief by the petitioner on any ground. For instance, the petitioner had initially indicated in his petition that he had been denied effective representation because counsel had been appointed for him just before his plea and thus had no opportunity to inquire into his defense or properly to advise him. The court records, as well as the testimony of petitioner's trial counsel, showed conclusively that, after the appointment of counsel, the Court actually had continued petitioner's case until the next term in order to permit proper preparation of petitioner's defense. Again, on this first hearing under Section 2255, the issue of petitioner's mental competency at the time of the commission of his crime was raised and petitioner expressly abandoned it, stating under oath at such hearing that he was withdrawing it "due to the fact that I was not * * * mentally ill or anything. It was just that I was under alcohol." In his present petition, however, he claims incompetency because of "barbiturates" and asserts that he did not in

his earlier petition or hearing refer to "barbiturates", only to "alcohol", "due to the fact that he did not wish to exhaust all remedy's of possible relief." See paragraph 6(d) of the present petition.

In this petition he contends that he was denied effective assistance of counsel both at his trial and at his earlier 2255 hearing. In particular, he asserts that he was denied the right to secure private counsel of his own choice, to be paid by him, for the 2255 hearing. This, the Court must assume, is not made seriously, since both in his earlier petition and in this one, petitioner has filed an indigent's oath and has requested the right to proceed *pro forma pauperis*. On the broader issue of effective representation, it will be observed that in his traverse the petitioner does not suggest in what particular he was denied effective representation. He merely states that, given a hearing, he "can prove ineffective aid of counsel". Such conclusory averments do not warrant a hearing, especially since the Court is thoroughly familiar with the able and conscientious representation accorded the petitioner at his earlier hearing in this Court.

By his traverse, the petitioner seeks to go behind his guilty plea and question the circumstances of his arrest and the facts surrounding his confession. All of these facts were duly inquired into at the earlier hearing, at the instance of the Government, which professed, as I have said, the desire to cover in that proceeding all claims of the petitioner, whether abandoned or not. It was plain that there was no merit in these contentions. See McMann v. Richardson (1970) 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (decided May 4, 1970).

There is not an issue raised in this proceeding that has not already been presented in the earlier proceeding by the petitioner. See Wheeler v. United States (8th Cir. 1968) 404 F.2d 252, 253. That proceeding disposed of all the issues raised here. See, opinion in Weathers v. United States of America, et al., Civil Action Number 67–834, dated March 18, 1968, unprinted, and opinion on petition for reconsideration dated April 9, 1968, unprinted, affirmed by United States Court of Appeals for the Fourth Circuit by Memorandum Decision filed March 5, 1970. The Court is not "required to entertain a second or successive motion for similar relief on behalf of the same prisoner" under Section 2255. The fact that petitioner described his alleged mental incapacity as due to "alcohol" and not to "barbiturates" in his earlier proceeding as a part of a purposeful plan to reserve the latter for another petition for relief supports the conclusion that the petitioner seeks, by this petition, to abuse the processes of this court. See 83 Har.L.Rev. 1153; Wong Doo v. United States (1924) 265 U.S. 239, 241, 44 S.Ct. 524, 68 L.Ed. 999; Holland v. Coiner (D.C.W.Va.1968) 293 F.Supp. 203, 205–206. This is clearly a case that is subject to summary dismissal without a hearing under the principles expressed in Raines v. United States (4th Cir. 1970) 423 F.2d 526, filed March 23, 1970.

It may not be amiss to note that this Court has received in recent days a request for leniency submitted by the petitioner. The request is appealing. However, the petition should be directed to the proper authorities. There is no power in this Court at this late date to amend the sentence imposed several years ago.

Petition dismissed.

And it is so ordered.