**Paul C. WEATHERS, Petitioner,**

v.

**UNITED STATES of America et al., Respondents.**

Civ. A. No. 70–1021.

United States District Court,
D. South Carolina,
Columbia Division.

Nov. 18, 1970.

See also 312 F.Supp. 1353.

No appearance for petitioner.

Joseph O. Rogers, Jr., U. S. Atty., Columbia, S. C., for the United States.

ORDER

RUSSELL, District Judge.

This is the third petition filed by the petitioner, a federal prisoner, serving a fourteen year-six months sentence imposed following a guilty plea to the Court on June 5, 1962. Following the filing of his first petition under Section 2255, 28 U.S.C., this Court accorded him a full and complete evidentiary hearing, with appointed counsel.[1] At such hear-

---

[1]. He was provided with counsel, who diligently inquired into every possible claim of the petitioner. Moreover, the petitioner, by order of this Court, was brought from Atlanta several days before the hearing in order to permit him to review with his counsel every possible claim he might have.

ing, every possible claim of the petitioner that either the petitioner or respondent could envisage was examined.[2] An order was thereafter entered, dismissing the petition. Petitioner then sought a rehearing, which was denied. From the order of dismissal, the petitioner appealed. Incident to that appeal, he was furnished the record in the 2255 proceeding. Such record included the transcript of proceedings at which petitioner entered his plea of guilty.[3] The order of this Court dismissing the petition was affirmed by memorandum opinion on March 5, 1970. Four weeks later, the petitioner filed his second 2255 proceeding. In this subsequent action, he claimed among other things that his guilty plea was involuntarily entered by him while under the influence of barbiturates. He conceded in his petition that, in his first petition, he had not raised this plea of incompetency on account of drugs because he wished to retain such ground for later use in a 2255 proceeding, in the event his first petition was dismissed.[4] This second petition, too, was dismissed 312 F.Supp. 1353. Again, the petitioner appealed. He requested the Court of Appeals to dismiss this appeal, which was done by order dated October 14, 1970. Within twenty-three days after the dismissal of this second appeal, the petitioner filed this proceeding, in which he requests this Court to require that all the Court records, both in his original prosecution and in his Section 2255 proceedings, be made available to him in order that he may use "all material in a 2255 motion". In his present petition, he makes no effort to set forth any basis that he may have for 2255 relief.[5] Apparently, he wishes to be furnished a full record that he may comb through at his leisure in the hope that he may discover some possible theory for a renewed 2255 petition.[6]

There is no merit in petitioner's application. With his present petition, the petitioner taxes unduly the patience and indulgence of the Court. He has had his day in Court, not once, but twice. See, Johnston v. United States, *supra*, 424 F.2d 505. Every possible claim that he might have had for the invalidation of his plea has been fully considered. For him now to demand at Government expense the record in both his criminal trial and in his 2255 proceedings, in order that he may seek to discover some new ground for possible relief represents an intolerable imposition upon a Government that has already extended to him every indulgence, including the furnishing to him more than two years ago the transcript of proceedings when his guilty plea was entered and the hearing on his first 2255 hearing. One does not have an endless right to burden the Court with repeated peti-

2. See Johnston v. United States (10th Cir. 1970) 424 F.2d 505, 506.

3. He was represented on appeal by retained counsel.

4. In the earlier opinion, this Court said in this connection:
   "The fact that petitioner described his alleged mental incapacity as due to 'alcohol' and not to 'barbiturates' in his earlier proceeding as a part of *a purposeful plan to reserve the latter for another petition for relief* supports the conclusion that the petitioner seeks, by this petition, to abuse the processes of this court. See 83 Har.L.Rev. 1153; Wong Doo v. United States (1924) 265 U.S. 239, 241, 44 S.Ct. 524, 68 L.Ed. 999; Holland v. Coiner (D.C.W.Va. 1968) 293 F.Supp. 203, 205–206." 312 F.Supp. at 1354.

5. See, Benthiem, v. United States (1st Cir. 1968) 403 F.2d 1009, 1011, note 5.

6. It should perhaps be noted that he was furnished substantially such record by order of this Court, entered on August 9, 1968. This order provided:
   "IT IS FURTHER ORDERED, That Mrs. Miriam S. Henry, United States Court Reporter, furnish to the petitioner a transcript in the above case at the expense of the United States for his use on appeal."
   See, United States v. Glass (4th Cir. 1963) 317 F.2d 200, 202; United States v. Shoaf (4th Cir. 1964) 341 F.2d 832, 835; Towles v. Peyton (D.C.Va.1969) 303 F.Supp. 581, 583; Hudgins v. Circuit Court (D.C.Va.1968) 294 F.Supp. 258, 260.

tions in 2255 proceedings, nor can he play "hide and seek" by withholding claims, so that he may obtain a second or third review of his conviction. If a petition such as that here were entertained, the congestion of the Courts would be so compounded as to destroy their ability to function efficiently and to dispense orderly justice.

Petition dismissed and it is so ordered.

It is further ordered, that the petitioner be allowed to proceed *in forma pauperis*.