**Fred Edwin CAYLOR, Jr., Appellant,**

v.

**The UNITED STATES of America, Appellee.**

**No. 8613.**

United States Court of Appeals Tenth Circuit.

June 28, 1966.

Rehearing Denied July 13, 1966.

John M. Reiff, Wichita, Kan. (Coombs & Dye, Wichita, Kan., on the brief), for appellant.

John E. Green, Asst. U. S. Atty. (B. Andrew Potter, U. S. Atty., on the brief), for appellee.

Before BREITENSTEIN, HILL, and SETH, Circuit Judges.

BREITENSTEIN, Circuit Judge.

A jury found appellant guilty of a violation of 18 U.S.C. § 371 and he was sentenced to a three-year term. An application for relief under 28 U.S.C. § 2255 was denied by the district court without a hearing on the basis that the grounds asserted for relief are cognizable only on direct appeal.

In this court the appellant has appealed from the denial of the § 2255 motion and also has presented a petition for coram nobis. In the latter he alleges that his appointed attorney "did not make any effort to come and see him after sentencing to file notice of appeal"; that he prepared a notice of appeal; and that such notice of appeal "was mailed to the court through the county jail on August 6, 1965." Sentence was imposed on July 30, 1965. Rule 37(a) (2), F.R.Crim.P., requires an appeal from a judgment in a criminal case to be taken within 10 days from the entry of judgment.

Because the question of a timely notice of appeal was not raised in the district court no findings were made in regard thereto. In Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760, the Supreme Court held that a prisoner had done all he could reasonably be expected to have done in the circumstances to file a timely notice of appeal and ordered a hearing on the merits of the appeal. In Peoples v. United States, 10 Cir., 337 F.2d 91, certiorari denied 381 U.S. 916, 85 S.Ct. 1540, 14 L.Ed.2d 436, we distinguished the factual situation from that considered in Fallen and held that an oral notice of appeal by a defendant represented by retained counsel was insufficient. Fennell v. United States, 10 Cir., 339 F.2d 920, 922, certiorari denied 382 U.S. 852, 86 S.Ct. 100, 15 L.Ed.2d 90; considered a request for permission to make a late filing of a notice of appeal. In Hannigan v. United States, 10 Cir., 341 F.2d 587, 588, we said that the time for filing an appeal "does not commence to run until the defendant has been advised of his right of appeal and the effective assistance of counsel has been afforded."

Here the appellant in his coram nobis petition admits knowledge of the 10-day provision and says that within the prescribed period he mailed a notice of appeal "through the county jail." The facts pertaining thereto must be established by an evidentiary hearing. If the principle stated in the Fallen decision applies, he is entitled to have an appeal heard on the merits.

We have doubt as to the availability of coram nobis as an appropriate remedy to

determine the timeliness of a notice of appeal. We also recognize that the question of timeliness was not raised in the district court by the § 2255 motion. The interests of justice require that we cut the knot of procedural complications. In the circumstances we deny the petition for coram nobis, reverse the judgment denying § 2255 relief, and remand the case with instructions to permit the prisoner to amend his § 2255 application to include the question of timeliness of the notice of appeal, and, if such amendment is made, to conduct an evidentiary hearing on the timeliness issue and such other issues as may require a hearing.

Reversed and remanded.