**UNITED STATES of America,
Appellee,**

v.

**Dennis Mark MEYERS, Appellant.**

**No. 12653.**

United States Court of Appeals
Fourth Circuit.

Submitted Jan. 7, 1969.

Decided Jan. 31, 1969.

Frederick H. Creekmore (Court-appointed counsel), Chesapeake, on brief, for appellant.

**1016**

C. V. Spratley, Jr., U. S. Atty., and James A. Oast, Jr., Asst. U. S. Atty., on brief, for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit Judges.

PER CURIAM.

In this appeal, in which we deemed oral argument unnecessary, it appears that defendant was convicted of a violation of the Dyer Act, 18 U.S.C.A. § 2312. On March 29, 1968, he was sentenced to a three-year term, under the provisions of 18 U.S.C.A. § 4208(a) (2). Notwithstanding that he was represented by court-appointed counsel, he was advised by the district judge of his right to appeal within ten days, and that if he could not employ but desired counsel, counsel would be furnished to him. He was further told that if he wished to appeal, he should notify the clerk, or notify the Court, within ten days, and a notice of appeal would be filed for him.

Nothing further was heard from the defendant until May 31, 1968, when a letter, dated May 25, 1968, written from the Federal Reformatory, at Petersburg, Virginia, was received by the district judge. The letter contained a clear manifestation of the desire to appeal, acknowledged that defendant had been given ten days after sentence in which to appeal, but stated that defendant's attempt to telephone the district judge of his desire to appeal was abortive and defendant's letters to the same effect were returned to defendant. Defendant wrote the district judge again, under date of June 8, 1968, about an appeal, but this letter contained no further comment as to why the appeal was delayed.

Initially, the district judge accepted the letters of May 25 and June 8 as a notice of appeal, although not timely filed; but, by an order entered June 19, 1968, the district judge struck out the notice of appeal, concluding that he was without jurisdiction to extend the time for filing notice of appeal, as provided in Rule 37, Fed.R.Crim.P. It is from this order that this appeal is taken.

Of course, the original ten-day appeal period prescribed by Rule 37(a) (2), Fed.R.Crim.P. is jurisdictional.* United States v. Temple, 372 F.2d 795 (4 Cir. 1966), cert. den. 386 U.S. 961, 87 S.Ct. 1024, 18 L.Ed.2d 110 (1967). But, with commendable candor, the government concedes that, under Fallen v. United States, 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964), and United States v. Temple, supra, if there is substance in defendant's statement that he attempted to exercise his right to appeal within the ten-day period specified by Rule 37(a) (2), but, without fault on his part, was prevented from effective communication with the clerk or the district judge, defendant may be allowed a belated appeal. The government suggests that there should be a plenary hearing to ascertain the true facts surrounding defendant's failure to file a timely appeal and whether those facts permit defendant to bring himself within the doctrine enunciated by the cases. We agree.

The order disallowing the appeal is vacated and the case is remanded to the district court to conduct such a hearing and determine whether defendant may have a belated appeal, as herein set forth. In the further proceedings, the district court will appoint counsel if defendant requests representation.

Vacated and remanded.

---

* Rule 4(b), Fed.R.App.P., permits a district court upon a showing of "excusable neglect" before or after the expiration of the ten-day appeal time to extend the time for filing a notice of appeal for an additional thirty days. The rule did not become effective until July 1, 1968. Moreover, the first letter from defendant which was received by the district judge was not received until more than forty days from the date of sentencing. A similar provision was contained in former Rule 37(a) (2), Fed.R.Crim.P., but, again it would be inapplicable because the district judge received no communication until more than forty days from the date of sentencing.