460 F.2d 1233
 UNITED STATES of America ex rel. Allen ROSENBERG, Appellant,
and Kenneth Paull
v.
UNITED STATES DISTRICT COURT FOR EASTERN DISTRICT OF
PENNSYLVANIA. Appeal of Kenneth PAULL.
 Nos. 71-1591, 71-1592.
 United States Court of Appeals,
Third Circuit.
 Submitted April 20, 1972.
Decided May 5, 1972.
 
 Neil Leibman, Philadelphia, Pa., for appellants.
 J. Clayton Undercofler, III, Asst. U. S. Atty., Philadelphia, Pa., for appellee.
 Before ADAMS, MAX, ROSENN, and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 On October 7, 1966, the petitioners, Paull and Rosenberg, by federal indictment number 22650, were charged with having committed a bank robbery in December, 1965. They both entered pleas of guilty on October 13, 1966, and were sentenced on January 5, 1968. Unknown to Paull and Rosenberg, indictment number 22650 had been dismissed by leave of court on August 23, 1967, because on January 12, 1967, the grand jury returned indictment number 22749 against Paull and Rosenberg, superseding number 22650, containing charges similar to those of the original indictment. Following a motion by the defendants, the district court vacated the sentence imposed under the original indictment, and the defendants are now out on bail awaiting trial on indictment number 22749.
 
 
 2
 During the pendency of these federal proceedings, the Commonwealth of Pennsylvania caused indictments to be handed down against Paull and Rosenberg charging crimes arising out of the same transaction for which the federal government had indicted them. In April, 1968, Paull and Rosenberg entered pleas of guilty to the state charges and have since been sentenced.
 
 
 3
 On February 24, 1971, Paull and Rosenberg filed in the district court a motion to dismiss indictment number 22749 and filed a petition for habeas corpus pursuant to 28 U.S.C. Sec. 2255, based on double jeopardy arguments. Both the motion and the petition were denied and Paull and Rosenberg have appealed.
 
 
 4
 Insofar as Paull and Rosenberg appeal from the district court's denial of their motion to dismiss the indictment, the appeal should be dismissed because such an order is not final and appealable. United States v. Garber, 413 F.2d 284 (2d Cir. 1969); See, Berman v. United States, 302 U.S. 211, 58 S.Ct. 164, 82 L.Ed. 204 (1937); 28 U.S.C. Sec. 1291.
 
 
 5
 With regard to the denial of the section 2255 petition, one of the basic requirements is that the petitioners be in federal custody. See, e. g., Schlanger v. Seamens, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). Section 2255 itself states that, "A prisoner in custody under sentence of a court established by Act of Congress * * *" may apply for relief. (emphasis added). Because the sentences imposed under indictment number 22650 have been vacated, and the petitioners have been enlarged on bail awaiting trial, it is clear they do not meet the first requisite of section 2255, that they be under sentence of a court.
 
 
 6
 Accordingly, the judgment of the district court denying relief under section 2255 will be affirmed, and insofar as the appeal is from the denial of the motion to dismiss the indictments, the appeal will be dismissed.