Oscar Floyd **WHARTON**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 72-1642.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 8, 1972.

Decided Dec. 18, 1972.

Oscar Floyd Wharton, filed typewritten brief pro se.

Bethel B. Larey, U. S. Atty., and Robert E. Johnson, Asst. U. S. Atty., Fort Smith, Ark., filed brief for appellee.

Before MEHAFFY, BRIGHT and STEPHENSON, Circuit Judges.

PER CURIAM.

On October 11, 1963 appellant, Oscar Floyd Wharton, was convicted in Kansas state court on a plea of guilty to four counts of robbery, one count of escape, and one count of assault with a deadly weapon. On this same date evidence was introduced showing that Wharton had previous felony convictions on state charges in Texas and federal charges in the Western District of Arkansas. In light of this evidence Wharton was sentenced by the Kansas court as an habitual offender under the provisions of that state's law to two concurrent 25 year terms. While serving these sentences Wharton brought a writ of error coram nobis in the United States District Court for the Western District of Arkansas to invalidate the prior federal conviction upon which his Kansas habitual offender sentences were based. The district court, 348 F.Supp. 1026, denied the relief sought by Wharton and he now brings this appeal. For the reasons stated below the judgment of the district court is affirmed.

The circumstances surrounding the federal conviction challenged by appellant may be summarized briefly. In November 1962 Wharton was charged with interstate transportation of a stolen motor vehicle. On November 27, 1962 Wharton appeared before The Honorable John E. Miller, then Chief Judge of the Western District of Arkansas, and entered a plea of guilty to this charge after waiving his rights to counsel. The transcript of this proceeding clearly reflects that Wharton's waiver of counsel and guilty plea were made voluntarily and with full knowledge of their consequences. The sole basis for Wharton's attack is that the district court, at the time it accepted his guilty plea, was allegedly aware of Wharton's previous felony conviction in Texas. This prior Texas conviction, Wharton alleges, was invalid because he was deprived of his right to counsel. See Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967).

At the outset we note that Wharton has not presented any evidence that supports either his allegation that the prior Texas conviction was invalid or his allegation that the federal district court in Arkansas knew of the conviction at the time his guilty plea was accepted. Even if we assume that both allegations are true, however, Wharton is not entitled to the relief he seeks.

■ Wharton relies heavily on the Supreme Court's recent decision in United States v. Tucker, 404 U.S. 443, 92 S. Ct. 589, 30 L.Ed.2d 592 (1972). In that case two invalid prior felony convictions were used by the prosecution to impeach a criminal defendant and the convictions also were relied on explicitly by the trial judge in setting the defendant's sentence. The Supreme Court affirmed the conviction but remanded the case to the trial court for resentencing on the ground that the sentence given "might have been different if the sentencing judge had known that at least two of the respondent's previous convictions had been unconstitutionally obtained." 404 U.S. at 448, 92 S.Ct. at 592. The Court's decision in *Tucker* is relevant in two respects. First, even though the invalid prior convictions were admitted into evidence to impeach the defendant's testimony, the Court held this error to be harmless and sustained the conviction. Second, even after the Court had determined that the sentencing judge had relied upon the invalid prior convictions, the case was remanded for resentencing with full knowledge that the same sentence might be validly entered. See id. at 449–452, 92 S.Ct. 589 (dissenting opinion of Blackmun, J.). Thus, the Supreme Court's opinion in *Tucker* makes it clear that the impact of prior invalid convictions upon a subsequent conviction is to be considered as a matter separate from their impact on the sentence. Furthermore, it is clear that the mere knowledge of prior invalid convictions does not invalidate either a sentence or a conviction unless it can be proven that a different result might otherwise have been reached.

Even assuming that Wharton's prior Texas conviction was invalid and that the district court knew of the conviction at the time of Wharton's guilty plea, we cannot find anything in that knowledge that would have affected the district judge's decision to accept the guilty plea. It is, of course, possible that such knowledge might have affected the sentence entered upon Wharton's conviction, but the lenient six month sentence given has already been served. Thus, we conclude that the conviction attacked by Wharton is valid and that the sentence entered thereon should not be disturbed. *Accord,* North Carolina v. Rice, 404 U.S. 244, 92 S.Ct. 402, 30 L. Ed.2d 413 (1971).

The judgment of the trial court is affirmed.