**Martin Edgar TULEY, Plaintiff-Appellant,**

v.

**Louis HEYD, Jr., Criminal Sheriff, Orleans Parish, et al., Defendants-Appellees.**

**No. 74-1506.**

United States Court of Appeals, Fifth Circuit.

April 1, 1974.

Martin Edgar Tuley, pro se.

Emile C. Rolfs, III, Baton Rouge, La., A. W. Wambsgans, Metairie, La., for defendants-appellees.

Before COLEMAN, DYER and RONEY, Circuit Judges.

PER CURIAM:

The appellees have moved to dismiss this appeal on grounds of failure to file a timely notice of appeal. We will postpone ruling on the motion, and remand the case to permit the appellant to request the district court to extend the time for appeal on grounds of excusable neglect.

Rule 4(a), F.R.A.P., provides that notice of appeal in civil cases such as this, must be filed within 30 days of the entry of the judgment or order appealed from. The rule provides further that the time for filing the notice can be extended by the district court for a period of up to 30 days, upon a showing of excusable neglect.

In the case sub judice, final judgment was entered on December 7, 1973. Appellant alleges that he mailed his notice of appeal from a Texas prison on January 5, 1974; and he has submitted an affidavit of the Inmate Mail Room Officer which substantiates this claim. The notice was filed in the district court on January 14, 1974, which made it seven days late.

Appellant has further alleged that he mailed the pro se notice of appeal as soon as he learned that the district court had allowed his court-appointed counsel to withdraw. The record shows that the attorney was granted leave to withdraw by an order entered on January 4, 1974, three days prior to expiration of the usual time for filing notice of appeal. The attorney wrote a letter to the district court stating that he advised Appellant Tuley of his appellate rights by letter of December 10, 1973. But the copy of counsel's letter of that date to Tuley which is in the record, contains no such advice.

In consideration of the aforementioned circumstances, we deem it appropriate to remand this cause to permit appellant within 30 days to request the district court to extend the time for appeal, on showing excusable neglect. We will retain jurisdiction of the case but postpone ruling on the appellees' motion to dismiss the appeal, pending the outcome of the further proceedings below. See Weaver v. Texas, 5th Cir. 1972, 469 F.2d 1314; Bryant v. Elliott, 5th Cir. 1972, 467 F.2d 1109; Evans v. Jones, 4th Cir. 1966, 366 F.2d 772.

Remanded.