**Clifton Ralph CRAMER, Petitioner-Appellant,**

v.

**Jack H. WISE, Warden, Federal Correctional Institute, Respondent-Appellee.**

No. 74–1174

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 30, 1974.

---

* Hon. Leonard P. Moore, Senior Circuit Judge of the Second Circuit, sitting by designation.

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Clifton Ralph Cramer, pro se.

William S. Sessions, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for respondent-appellee.

Before BROWN, Chief Judge, and THORNBERRY and AINSWORTH, Circuit Judges.

PER CURIAM:

Clifton Ralph Cramer was convicted after a jury trial on fifteen counts of mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced to the custody of the Attorney General pursuant to 18 U.S.C. § 5010(b) of the Federal Youth Corrections Act and was fined $10,000.

In this *pro se* appeal from the district court's denial of his motion under 28 U.S.C. § 2255, he contends, citing United States v. Hayes, 9 Cir., 1973, 474 F.2d 965, that the imposition of the fine in addition to sentencing under the Federal Youth Corrections Act was error. Our preliminary concern, however, is with the fact that this appeal was not timely filed. Rule 4(a) of the Federal Rules of Appellate Procedure provides that notice of appeal in a case such as this be filed within 60 days of the entry of judgment. The district court's denial of relief here was entered on September 26, 1973, and the notice of appeal was filed on December 7, 1973.[1] Thus, the appeal was 11 days late. In view of these circumstances, as well as the fact that the appeal is *pro se,* the interests of justice are best served by remanding the case to the district court to allow Cramer 30 days in which to move for a determination whether under Rule 4(a) excusable neglect entitles him to an extension of the time for appeal. In the meantime, jurisdiction is retained in this Court. *See* Bryant v. Elliott, 5 Cir., 1972, 467 F.2d 1109; Weaver v. Texas, 5 Cir., 1972, 469 F.2d 1314; Evans v. Jones, 4 Cir., 1966, 366 F.2d 772; C. Wright, Federal Courts 467 (1970).

Remanded.

---

1. Notarization of the notice of appeal was executed on November 26, 1973.