Norman ROTHMAN, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 74–1240.

United States Court of Appeals,
Third Circuit.

Submitted under Third Circuit Rule
12(6) Oct. 11, 1974.

Decided Jan. 31, 1975.

Norman Rothman, pro se.

Richard L. Thornburgh, U. S. Atty., Joel B. Strauss, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before McLAUGHLIN, ADAMS and GARTH, Circuit Judges.

## OPINION OF THE COURT

ADAMS, Circuit Judge:

The threshold issue confronting us is whether Rothman filed a timely notice of appeal so as to afford this Court jurisdiction.

### I.

In 1960 Norman Rothman was convicted of interstate transportation of stolen firearms by the District Court for the Western District of Pennsylvania, and sentenced to five years' imprisonment.[1] On direct appeal this Court affirmed the judgment of the district court.[2] Rothman was incarcerated on this conviction from August 28, 1961 until February 18, 1965, at which time he was released on parole. The parole terminated on February 24, 1966.

Subsequent to completing the term in prison and the parole that resulted from his 1960 conviction, Rothman was convicted in the District Court for the Southern District of New York for unlawful transportation of stolen securities. On the basis of this second conviction Rothman was sentenced on January 7, 1972 to five years' imprisonment. Rothman was serving this second sentence at the time he filed in the Western District a "Motion to Vacate Sentence Pursuant to 28 U.S.C. 2255." The motion to vacate sentence referred to the sentence entered pursuant to the 1960 conviction in the Western District and is the basis for the present appeal.

After Rothman filed the Motion to Vacate Sentence, a third sentence was imposed on him. The third sentence was entered by the Southern District of Florida following Rothman's plea of guilty there to two counts of fraud. The Florida sentence consisted of two years' imprisonment on each count, to run concurrently with each other. Eighteen months of the Florida sentence were to run concurrently with the five year sentence that had been imposed by the New York court.

Before us now is Rothman's appeal from the denial of the motion filed in the Western District of Pennsylvania that challenges his 1960 conviction. Rothman alleges in his motion: that during his trial in the Western District he shared counsel with Joseph Merola, a codefendant; that Merola attended strategy conferences between Rothman and Rothman's attorney; that Merola was convicted for his part in the crime, but his sentence was later commuted by Presidential order on November 3, 1962; that Merola was an undercover agent for the government before, during, and after the trial; and that Rothman did not learn of Merola's status as an informant until the time of the publicity surrounding the commutation of Merola's sentence.[3] Rothman contends, in effect, that the presence of Merola, an undisclosed informant, during the confidential discussions between Rothman and his counsel, deprived Rothman of his right to counsel and his right to due process. Rothman therefore asked the Western District to vacate the 1960 conviction on which he had already completed serving his sentence.

Rothman also asserts that in refusing to reduce his sentence on his 1972 conviction, pursuant to a motion under Rule 35 of the Federal Rules of Criminal Procedure,[4] the Southern District of New

1. United States v. Rothman, Crim.No. 15750 (W.D.Pa., February 4, 1960).

2. United States v. Carlucci, 288 F.2d 691 (3d Cir.), cert. denied, 366 U.S. 961, 81 S.Ct. 1920, 6 L.Ed.2d 1253 (1961).

3. Rothman does not appear to have raised on direct appeal from his 1960 conviction the

issues which form the basis of his present motion. Rothman asserts that he did not do so because he had not learned of Merola's undercover activities at the time of his direct appeal.

4. Fed.R.Crim.P. 35: The court may correct an illegal sentence at any time and may correct a

York relied upon the constitutionally invalid 1960 conviction. The 1972 sentence that he was serving when he filed the motion involved here, Rothman argues, is invalid under United States v. Tucker.[5] Rothman therefore asked the Western District of Pennsylvania to vacate his 1960 conviction, in order that he might then have his 1972 sentence corrected by the Southern District of New York.[6]

The government moved in the Western District to dismiss Rothman's petition brought under section 2255, on the jurisdictional ground that Rothman was not then "in custody" under the 1960 conviction attacked, as required by the statutory language.[7] Rothman responded that the 1960 conviction had been relied upon by the Southern District of New York in denying Rothman's Rule 35 motion to reduce the sentence he was serving at the time he filed his 2255 motion in the Western District.

Judge Gourley, by opinion and order dated November 8, 1973, granted the government's motion without conducting a hearing. Rothman moved for rehearing in a letter dated and apparently mailed December 4, 1973, which was filed by the district court on December 10, 1973.[8] Although the motion for rehearing was not filed within 10 days after entry of judgment, and therefore was not timely, Judge Gourley nonetheless considered the motion for rehearing on its merits and denied it in an opinion and order dated December 26, 1973.

Rothman then mailed a pro se notice of appeal, in the form of a letter,[9] from the federal penitentiary in Atlanta to the Clerk for the Western District of Pennsylvania. The letter is dated January 4, 1974. It was received by the Clerk's Office on January 17, 1974, but for lack of a filing fee was not filed until January 30, 1974 when the required fee was received. The notice of appeal bears the following notarization:

NOTARIAL

State of Georgia:

County of Fulton:

s/ William Carr, Jr.
United States Parole Officer Date 1/10/74

sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within 120 days after the sentence is imposed, or within 120 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 120 days after entry of any order or judgment of the Supreme Court denying review of, or having the effect of upholding, a judgment of conviction. The court may also reduce a sentence upon revocation of probation as provided by law.

5. 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972).

6. Rothman had not been sentenced by the Southern District of Florida at the time he filed his section 2255 motion in the Western District of Pennsylvania. The record in this case does not reveal whether the Southern District of Florida took into account Rothman's 1960 conviction when it sentenced him on his 1973 conviction.

7. 28 U.S.C. § 2255 (1971): A prisoner in custody under sentence of a court established by

Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence. * * *

See Parker v. Ellis, 362 U.S. 574, 80 S.Ct. 909, 4 L.Ed.2d 963 (1960); United States ex rel. Rosenberg v. United States District Court, 460 F.2d 1233 (3d Cir. 1972).

8. Rothman also sent Judge Gourley a letter dated November 15, 1973, asking the Judge's advice how to proceed further with his challenge under Tucker. Judge Gourley responded that it was not proper for a member of the federal judiciary to offer legal advice.

9. A prisoner's pro se notice of appeal is sufficient "so long as from its nature it evidences an intention to appeal." Fitzsimmons v. Yeager, 391 F.2d 849, 853 (3d Cir. 1968).

On this appeal, Rothman argues that the continuing injury he suffers as a result of his 1960 conviction is sufficient to satisfy the "in custody" requirements of section 2255. However, Rothman does not deal with the problem of the date of the mailing of his notice of appeal, perhaps because that question was not squarely raised by the government. Nevertheless, the government does press the jurisdictional issue.[9a] First, it urges that the "in custody" requirement is jurisdictional in nature and that a prisoner is not "in custody" where he has been released from both confinement and parole supervision, and where a successful attack on the challenged conviction would not necessarily result in reduction of the petitioner's current term of imprisonment. Further, the government raised the question of the timeliness of Rothman's notice of appeal, but referred to the 30 day period for filing a notice of appeal in a civil case not involving the federal government.[10] The government's motion to dismiss the appeal, therefore, did not question the date of mailing, since under the thirty-day rule that date would not have been critical.

## II.

 Before a court may properly address the merits of an appeal, it is mandated to determine whether it has jurisdiction to consider the appeal. The timely filing of a notice of appeal with the district court is a prerequisite to jurisdiction in a court of appealis.[11] Since proceedings under section 2255 are civil in nature, the time limits for the filing of notices of appeal in civil cases are applicable.[12] Under Federal Rule of Appellate Procedure 4(a), in civil actions in which the United States is a party, as in a section 2255 motion,[13] "the notice of appeal may be filed by any party within 60 days" of the entry of the judgment appealed from. Rothman filed a motion for rehearing pursuant to Federal Rules of Civil Procedure 52(b)[14] or 59(e).[15] However, since the motion was not filed within the ten day period prescribed in the Rules, it did not suspend the running of the 60-day period for filing a notice of appeal.[16]

 Judge Gourley's order dismissing Rothman's petition was dated November 8, 1973. Therefore, to be timely filed, Rothman's notice of appeal should have been filed no later than January 7, 1974. As noted earlier, Rothman's letter constituting his notice of appeal was dated January 4. If mailed on January 4, Rothman's letter would, in the normal course of the mails, have been received by the Clerk of the District Court on January 7. If the notice was otherwise properly filed by the designated day, delay in the receipt of the filing fee until January 30 would not prejudice Roth-

---

**9a.** *Cf.* Sedivy v. Richardson, 485 F.2d 1115, 1122–1123 (3d Cir. 1973) (Adams, concurring).

**10.** Fed.R.App.P. 4(a): *(a) Appeals in Civil Cases.* In a civil case . . . in which an appeal is permitted by law as of right from a district court to a court of appeals the notice of appeal required by Rule 3 shall be filed with the clerk of the district court within 30 days of the date of the entry of the judgment or order appealed from; but if the United States or an officer or agency thereof is a party, the notice of appeal may be filed by any party within 60 days of such entry. * *

**11.** F.R.App.P. 4; United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960); Fitzsimmons v. Yeager, 391 F.2d 849, 851 (3d Cir.), cert. denied 393 U.S. 868, 89 S.Ct. 154, 21 L.Ed.2d 137 (1963).

**12.** *See* Fitzsimmons v. Yeager, 391 F.2d 849, 851 (3d Cir. 1968); United States v. Keogh, 391 F.2d 138, 140 (2d Cir. 1968).

**13.** *See* Cramer v. Wise, 494 F.2d 1185 (5th Cir. 1974); United States v. Keogh, 391 F.2d 138, 140 (2d Cir. 1968).

**14.** F.R.Civ.P. 52(b): *(b) Amendment.* Upon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. * * *

**15.** F.R.Civ.P. 59(e): *(e) Motion to Alter or Amend a Judgment.* A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

**16.** F.R.App.P. 4(a); Torockio v. Chamberlain Mfg. Co., 456 F.2d 1084 (3d Cir. 1972).

man's opportunity to obtain review by this Court.[17]

Although a document must ordinarily be received by the clerk of a court before it may be "filed,"[18] the Supreme Court in Fallen v. United States[19] created an exception where the appellant has done all he can to deliver a notice of appeal to the district court on time. Fallen was convicted of violations of the postal laws on January 11, 1962, and sentenced on January 15, 1962. Under the Federal Rules of Criminal Procedure, Fallen's notice of appeal had to be filed by January 25. On January 29, 1962, the clerk of the district court received from Fallen two pro se letters dated January 23. One letter requested a new trial, the other an appeal. The motion for a new trial was denied on the merits. The Supreme Court held that under the circumstances Fallen "had done all that could reasonably be expected to get the letter to its destination within the required 10 days."[20] Fallen had been forced to take his appeal pro se. Sentenced to prison, he had been removed from the place of trial on the day after he was sentenced. Fallen had not been permitted to have visitors, and had been ill. In spite of the late delivery, he had written and mailed a notice of appeal in sufficient time to reach the clerk, in the normal course of events, within the 10 day period. The Court ruled that "subsequent delays were not chargable to" Fallen,[21] and therefore the notice should be considered filed within the period specified by the Rules.

■ In the present case, we are unable to determine, on the basis of the record before us, whether Rothman did "all that could reasonably be expected to get the letter" to the Clerk's Office on or before January 7. Rothman alleges that he "sent" the letter on January 4.[22] However, the notarization on the letter is dated January 10, three days after the expiration of the period for filing the notice.

The presence of the notarization distinguishes this case from *Fallen*. In *Fallen* the Supreme Court presumed that the letter had been mailed on the same date recited in the heading of the letter.[23] In that case, however, the Court specifically noted, "there is no reason on the basis of what this record discloses to doubt" that the letter was mailed on the day mentioned in the letter. And the government conceded in *Fallen* that it was unable to present any evidence as to the date of mailing. In the case before us, however, the notarization date contradicts Rothman's assertion that the letter was mailed on January 4, and the government has not conceded that Rothman's letter was mailed on January 4. Nor, on the basis of the record, can Rothman's allegation that it was, be credited without further inquiry.

Any conclusions we might draw from these facts as to the circumstances surrounding the submission of Rothman's letter would be mere speculation. Therefore, the case will be remanded[24] to the district court for a determination whether Rothman filed his notice of appeal within the specified time.[25] It may

17. Parissi v. Telechron, Inc., 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867 (1955).

18. F.R.App.P. 25(a). *See* Kahler-Ellis Co. v. Ohio Turnpike Comm'n, 225 F.2d 922 (6th Cir. 1955); LeJeune v. Midwestern Life Ins. Co., 197 F.2d 149 (5th Cir. 1952).

19. 378 U.S. 139, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964).

20. 378 U.S. at 144, 84 S.Ct. at 1692.

21. 378 U.S. at 143–144, 84 S.Ct. at 1692.

22. Appellant's Response to Appellee's Motion to Dismiss Appeal as Out of Time, at 2.

23. *See* 378 U.S. at 143–144, 84 S.Ct. 1689.

24. United States v. Meyers, 406 F.2d 1015 (4th Cir. 1969). *See* Caylor v. United States, 362 F.2d 689 (10th Cir. 1966); Kent v. United States, 423 F.2d 1050 (5th Cir. 1970). *See also* Torockio v. Chamberlain Mfg. Co., 456 F.2d 1084, 1087 (3d Cir. 1972).

25. If the district court finds that Rothman's appeal was not timely filed, Rothman may wish to file a motion requesting the district court to validate *nunc pro tunc* the filing of his notice of appeal for "excusable neglect." *See* F.R.App.P. 4(a); Torockio v. Chamberlain Mfg. Co., 456 F.2d 1084, 1087 (3d Cir. 1972).

appear enticing, in the interest of judicial economy, to by-pass the hurdle of establishing jurisdiction before addressing the merits of the case. However, this Court, like all other courts in our judicial system, has no authority to impose its decision on others, including the judges of lower courts, when we have no jurisdiction. As the Supreme Court said in Ex parte McCardle, "Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the case."[26]

For the reasons set forth above, this case will be remanded to the district court.[27]

GARTH, Circuit Judge (concurring):

I believe that in the circumstances presented here the majority of the Court has adopted an overly rigid and technical view with respect to this Court's jurisdiction over a *pro se* prisoner's appeal.[1] Although I do not dissent in view of the limited action taken by the majority, I nevertheless believe it important to note my disappointment with the restricted reading by the majority concerning both jurisdiction and the district court's disposition of the merits.

As to jurisdiction: while I do not advocate lessening our jurisdictional requirements, I believe it a waste of judicial time and effort under these circumstances not to address Rothman's petition on its merits. I believe Rothman has set forth a *prima facie* showing of

**26.** 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1868).

A further indication of the Supreme Court's attitude toward compliance with the rules governing jurisdiction in the courts of appeals may perhaps be gleaned from its opinion in *Robinson, supra:*

> Rule 45(b) [predecessor to the present Fed. R.App.P. 4] says in plain words that ". . . the court may not enlarge . . . the period for taking an appeal." The courts have uniformly held that the taking of an appeal within the prescribed time is mandatory and jurisdictional. The history of Rule 45(b) shows that consideration was given to the matter of vesting a limited discretion in the courts to grant an extension of time for taking an appeal, but upon further consideration, the idea was deliberately abandoned. . . .
>
> That powerful policy arguments may be made both for and against greater flexibility with respect to the time for the taking of an appeal is indeed evident. But that policy question, involving, as it does, many weighty and conflicting considerations, must be resolved through the rule-making process and not by judicial decision. 361 U.S. at 229, 80 S.Ct. at 288.

The courts of appeals have taken an equally demanding view of the necessity of complying with the jurisdictional requirements. For example, in United States v. Mathews, 462 F.2d 182 (3d Cir. 1972), where the notice of appeal had to be filed within 10 days after entry of final judgment, this Court held that neither a notice filed subsequent to conviction but prior to sentencing—the final judgment—nor a notice filed 11 days after the final judgment, was competent to afford this

Court jurisdiction to hear the appeal from a criminal conviction. But *cf.* Fed.R.App.P. 4(b). *See also* Lapiczak v. Zaist, 451 F.2d 79, 80 (2d Cir. 1971); Wagner v. Burlington Indus., 423 F.2d 1319, 1321 (6th Cir. 1970); Vine v. Beneficial Finance Co., 374 F.2d 627, 632 (2d Cir. 1967).

**27.** Since we are not able to determine whether this Court has jurisdiction over the present case, directions to the district court would be premature. On remand, however, the district court may find it appropriate to afford Rothman's pro se petition a broad reading and consider whether, under the circumstances of this case, Rothman is entitled to a writ of *coram nobis* setting aside his 1960 conviction for the reasons alleged in his petition. *See* United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248 (1954); Hill v. United States, 368 U.S. 424, 430, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959). A writ of *coram nobis* is available in the federal courts to correct an error "of the most fundamental character." United States v. Morgan, 346 U.S. 502, 512, 74 S.Ct. 247, 98 L.Ed. 248 (1954). *See* United States v. Cariola, 323 F.2d 180 (3d Cir. 1963). Rothman made oblique reference to the question of *coram nobis* relief in his response, in the district court, to the government's motion to have Rothman's petition dismissed for lack of jurisdiction under section 2255.

**1.** *Compare* Fallen v. United States, 378 U.S. 139, 142–144, 84 S.Ct. 1689, 12 L.Ed.2d 760 (1964); Coppedge v. United States, 369 U.S. 438, 442 n. 5, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962); Williams v. United States, 88 U.S. App.D.C. 212, 188 F.2d 41 (1951).

this Court's jurisdiction on appeal. Accordingly, although more detailed development of jurisdictional facts would be helpful, I believe that a remand for such purpose is not necessitated where:

(1) The petitioner is a *pro se* prisoner litigant;

(2) The petitioner has alleged a *prima facie* jurisdictional basis;[2]

(3) The government has not contested or contradicted the underlying jurisdictional fact asserted;[3] *see, e. g.,* Spock v. David, 469 F.2d 1047, 1052 (3d Cir. 1972);

(4) We could retain jurisdiction, remanding to the district court for action on a (*pro forma*) application for a 30 day extension of time for appeal;[4]

**2.** Rothman has stated, without contradiction, that his notice of appeal was duly mailed in the federal penitentiary in Atlanta on January 4, 1974. In the normal course of events the letter should have been received by the District Court Clerk on Monday, January 7, 1974, within the 60 day time period allowed for appeal. *See* note 3, *infra.*

**3.** The Government's challenge was predicated on a 30 day period for appeal as it argued that the notice of appeal, received January 17, 1974, was received more than 30 days after the November 8, 1973 order. Under Fed.R. App.P. 4(a), however, petitioner had 60 days to appeal. As noted previously, *see* note 2, *supra,* Rothman stated that he mailed his notice of appeal within time sufficient for it to be received before the 60 day period expired. Rothman's statement that he "mailed" the letter on January 4, 1974 is not controverted by the Government.

Although, as noted by the majority, the notarization of Rothman's letter by a parole officer is dated January 10, 1974, I do not believe the difference in the dates of notarization, and mailing necessarily makes suspect Rothman's statement that on January 4, 1974 he deposited his notice of appeal to be mailed. My concern here is whether Rothman continued to exercise sufficient control over the letter's disposition so that delays in its mailing may be chargeable to him. Fallen v. United States, 378 U.S. at 143–144, 84 S.Ct. 1689. Consequently, I believe there is no reason to conclude, on the basis of what this record discloses, that the subsequent delay was necessarily chargeable to Rothman. *Id.*

(5) There is no bar to the petitioner reinstituting the application.[5]

As to the merits: the majority opinion restricts reference to the merits to footnote 27 where the mojority indicates that the district court may wish "to afford Rothman's *pro se* petition a broad reading and consider whether, under the circumstances of this case, Rothman is entitled to a writ of *coram nobis* . . .". In my view, the district court is *required* to afford the petition a broad reading. *See* Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); United States v. Morgan, 346 U.S. 502, 505, 74 S.Ct. 247, 98 L.Ed. 248 (1954). I see no justification for the district court dismissing the petition on "non-custody" grounds under § 2255 without first determining if there exists other bases for relief. Here, even

**4.** I recognize that in similar circumstances, the problem of filing delays by prisoners has been dealt with by other appellate courts by remanding the action to the district court to allow the petitioner to move for a 30 day extension of time for appeal upon a showing of excusable neglect. Fed.R.App.P. 4(a). *E. g.,* Cramer v. Wise, *supra;* Tuley v. Heyd, 492 F.2d 788 (5th Cir. 1974); Evans v. Jones, 366 F.2d 772 (4th Cir. 1966). I note, however, that where remand has been ordered, the particular court of appeals retained jurisdiction pending a determination of excusable neglect by the district court. Moreover, in Weaver v. State of Texas, 469 F.2d 1314 (5th Cir. 1972), not only was jurisdiction retained but the petition for rehearing was granted.

I believe that on the present record, limited to the factual and procedural situation presented here, the initial jurisdictional burden has been carried by Rothman and that there is no present need to remand for an excusable neglect determination. Accordingly, in this situation, I prefer not to follow the procedural remand device ordered in the above cases.

**5.** Even if it were to be decided that this Court lacks jurisdiction because the appeal was untimely filed, there would be no bar to reinstitution of an action by Rothman to collaterally attack his 1960 conviction and sentence. Sanders v. United States, 373 U.S. 1, 10, 14, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963); Arrington v. United States, 425 F.2d 244, 245 (7th Cir. 1970), cert. denied, 400 U.S. 835, 91 S.Ct. 72, 27 L.Ed.2d 68 (1971).

though Rothman had styled his action under § 2255, his motion to vacate sentence should have been treated as an application for a writ of *coram nobis* by reason of his having been unconditionally released from custody under the challenged sentence.[6] *See* Sanders v. United States, 373 U.S. 1, 22–23, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). On an initial motion seeking a collateral remedy, as here, a district judge is not obliged to limit his examination to the grounds narrowly alleged, but is free to, and I believe is required to, adopt any appropriate means to ascertain all possible grounds on which the petitioner might claim relief. *See* United States v. Morgan, 346 U.S. at 505, 74 S.Ct. 247; *cf.* Johnston v. United States, 424 F.2d 505 (10th Cir. 1970); United States v. Coke, 404 F.2d 836 (2d Cir. 1968) (motion labelled as § 2255 treated under Rule 35). As such, based upon the allegations presented before the court below, I am of the opinion that Rothman, although labelling his application as a § 2255 petition, in effect sought a writ of *coram nobis* so as to vacate his 1960 federal conviction after service of the full term.

Rothman alleges in his petition that he was denied his rights to due process as guaranteed by the Fifth and Sixth Amendments, because his co-defendant, with whom Rothman allegedly *shared* counsel, was before and during trial a Government agent. Such an allegation, if proven, demonstrates that conflict of interest or prejudice as would deprive the defendant of effective assistance of counsel. We have held joint representation under analogous circumstances to be constitutionally defective. *See* United States ex rel. Hart v. Davenport, 478 F.2d 203, 210 (3d Cir. 1973); United States v. Rispo, 460 F.2d 965, 970 (3d Cir.

1972); Walker v. United States, 422 F.2d 374 (3d Cir.), cert. denied, 399 U.S. 915, 90 S.Ct. 2219, 26 L.Ed.2d 573 (1970). Rothman further contends that because of his prior conviction in 1960, he has been and is subject to greater punishment upon sentencing for his subsequent convictions. I note that in similar circumstances such an allegation was held to be sufficient to support application for a writ of *coram nobis. E. g.,* United States v. Forlano, 319 F.2d 617 (2d Cir. 1963); Wharton v. United States, 348 F.Supp. 1026 (D.Ark.), aff'd, 470 F.2d 510 (8th Cir. 1972).

Reviewing the allegations presented here, it appears that the appropriate remedy might well be the issuance of a writ of *coram nobis. Coram nobis* is an extraordinary writ, which permits a court to correct its own judgment in light of a substantial error of fact not appearing on the record. The writ is designed to correct errors of fact of "the most fundamental character, that is, such as to rendered the proceeding itself irregular and invalid." United States v. Morgan, 346 U.S. at 509 n. 15, 74 S.Ct. at 251; United States v. Cariola, 323 F.2d 180, 184 (3d Cir. 1963). Where the petition, as here, alleges compelling constitutional circumstances arising from facts not appearing of record at the time of Rothman's 1960 conviction, a proceeding in *coram nobis* is appropriate. *See, e. g.,* United States v. Morgan, 346 U.S. at 511, 512, 74 S.Ct. 247; United States v. Garguilo, 324 F.2d 795, 796 (2d Cir. 1963); United States v. Cariola, 323 F.2d at 184.

In light of the petition revealing on its face *prima facie* jurisdiction and facts asserting a cognizable claim for relief, I would reverse not for the limited purpose of ascertaining additional jurisdictional facts but rather with the direction

---

**6.** As the challenge here is to the conviction itself, and not to the sentence imposed, a motion under Fed.R.Crim.P. 35 is not the appropriate vehicle for relief:

"Sentences subject to correction under that rule are those that the judgment of conviction did not authorize."

United States v. Morgan, 346 U.S. at 506, 74 S.Ct. at 250. *See* Heflin v. United States, 358 U.S. 415, 418, 79 S.Ct. 451, 3 L.Ed.2d 407 (1959).

that the district court treat the petition as an application for a writ of *coram nobis* and conduct appropriate proceedings. Ultimately, this Court must reach this issue on the merits. I see no reason why we should not reach it now.