NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4161
_____

JUDITH JOHNSON,
                    Appellant

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA;
NOVACARE REHABILITATION, Division of Select Medical Corporation;
MILTON KLEIN, D.O.; CIGNA CORPORATION
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-12-cv-00498)
District Judge:  Hon. Joy Flowers Conti
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 17, 2015

Before:  FISHER, CHAGARES, and JORDAN, *Circuit Judges*.

(Filed: September 21, 2015)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Appellant Judith Johnson ("Johnson") asks us to reverse two orders of the United States District Court for the Western District of Pennsylvania dismissing her complaint and denying her motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). Because we lack jurisdiction to review the dismissal of her complaint, we will dismiss that portion of the appeal. Moreover, since the District Court did not abuse its discretion in denying her Rule 60(b) motion, we will affirm that ruling.

## I.    BACKGROUND

Johnson filed a complaint in the Allegheny County Court of Common Pleas naming Cigna Corporation ("Cigna"), Life Insurance Company of North America ("LICNA"), NovaCare Rehabilitation Division of Select Medical Corporation ("NovaCare"), and Milton Klein, D.O. ("Dr. Klein"), as defendants. Johnson asserted claims for breach of an insurance contract, bad faith, professional negligence, and civil conspiracy, stemming from Cigna and LICNA's denial of her long-term disability benefits.

Because she alleged that Dr. Klein conducted a sham medical review in order to facilitate the denial of coverage, Johnson was required to file certificates of merit – written statements by a licensed professional that serve as a prerequisite to maintaining a malpractice action under Pennsylvania law – within sixty days of March 12, 2012, the date on which she filed her complaint. Pa. R. Civ. P. 1042.3. On April 16, 2012, Cigna and LICNA removed the suit to the United States District Court for the Western District

2

of Pennsylvania.[1]  Shortly thereafter, on May 14, 2012, Johnson timely filed a motion to extend the time for filing the certificates of merit, which the Court granted, extending the deadline to July 13, 2012.

On July 14, 2012, Dr. Klein and NovaCare filed motions to dismiss for failure to state a claim based on Johnson's failure to file the certificates.  On July 16, 2012, Johnson filed another motion to extend the time for filing the certificates of merit.  Johnson's attorney, James Cooney, claimed that the failure to timely file the certificates was due to a miscommunication between him and a former paralegal.  In an affidavit, Cooney claimed that the paralegal handled the majority of the pleadings and other paperwork until abruptly quitting, and further that Cooney himself had "no involvement" (App. at 237) or "limited involvement" (App. at 327) with this case, even though he was listed as Johnson's attorney of record on all files related to the case and had attended at least one conference in that capacity.  Cooney also stated that, before the paralegal's departure, he and the paralegal had a meeting wherein Cooney learned that the paralegal had not secured the certificates of merit and that a motion to extend the time for filing the certificates of merit would be necessary.  Furthermore, Cooney claimed that the paralegal mistakenly advised him that the motion was due on July 16, 2012.

The District Court initially granted Johnson's motion and, on July 17, 2012, extended the time for filing the certificates of merit to September 16, 2012, denying without prejudice Dr. Klein's and NovaCare's motions to dismiss.  Dr. Klein and

---

[1] Johnson later settled her claims against Cigna and LICNA, but continued to pursue her claims against Dr. Klein and NovaCare.

NovaCare then moved for reconsideration. On February 28, 2013, the District Court granted Dr. Klein's and NovaCare's motions, thereby vacating its July 17 order and dismissing the case because of Johnson's failure to file the certificates. In doing so, however, the Court informed Johnson that she could seek relief from that decision under Federal Rule of Civil Procedure 60(b). The Court advised Cooney that, in filing a Rule 60(b) motion, he would need to revise his affidavit and also recommended that he obtain an affidavit from his former paralegal. The Court also directed Cooney to file the Rule 60(b) motion "as promptly as possible," and that "[i]t's not in your best interest to waste any time." "[Y]ou have a year." (App. at 276-77.)

Approximately eleven months later, on January 24, 2014, Johnson filed a motion seeking relief under Rules 60(b)(l) and 60(b)(6). At the behest of the District Court, Cooney filed a second supplemental declaration, in which he averred that he attempted to contact the paralegal immediately following the Court's February 28, 2013, order and had unsuccessfully attempted to contact him two-to-three times per week in March and April of 2013. Cooney also averred that he attempted to call the paralegal two-to-three times per month until he learned that the paralegal was in the hospital. Cooney also attached three letters that he claimed to have written to the paralegal regarding the requested affidavit.

Subsequently, NovaCare and Dr. Klein filed supplemental responses in opposition to Johnson's 60(b) motion, containing an affidavit from the paralegal in which he contradicted a number of Cooney's averments. Most notably, the paralegal swore that he specifically advised the attorneys at Cooney's firm that the filing deadline for the motion

4

to extend the deadline to file certificates of merit was July 13, 2012, and he attached an email he had sent to Cooney on July 11 telling him he had two days in which to seek an extension. Shortly thereafter, Johnson's attorneys filed a reply stating that, although they generally disagreed with many of the statements set forth in the paralegal's affidavit, they "[did] not wish to become involved in a credibility contest with [him]." (App. at 16 (first alteration in original).)

On September 23, 2014, the Court entered an order denying Johnson's Rule 60(b) motion. The Court concluded that Johnson's Rule 60(b) motion was untimely because it was filed eleven months after the District Court dismissed Johnson's case and advised her to file the motion. The Court further found that there was no credible reason for the ten-month delay and that reopening the case would prejudice the defendants. This appeal followed.

## II.    DISCUSSION[2]

On appeal, Johnson seeks review of both the District Court's dismissal of her complaint and its subsequent denial of her Rule 60(b) motion.

As a threshold matter, we lack appellate jurisdiction to review the District Court's dismissal of Johnson's complaint. *Rothman v. United States*, 508 F.2d 648, 651 (3d Cir. 1975) ("Before a court may properly address the merits of an appeal, it is mandated to determine whether it has jurisdiction to consider the appeal."). Under Federal Rule of

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1332 and 1441. To the extent we have jurisdiction, it exists pursuant to 28 U.S.C. § 1291. We review a district court's denial of relief under Rules 60(b)(1) and (b)(6) for abuse of discretion. *Budget Blinds, Inc. v. White*, 536 F.3d 244, 251 (3d Cir. 2008).

Appellate Procedure 4(a)(1), Johnson was required to appeal the District Court's order dismissing her case within thirty days of February 28, 2013. She did not do so. Nor did she file a Rule 60 motion within 28 days of that date. Fed. R. App. P. 4(a)(4)(A)(vi) (Rule 60 motion filed within 28 days of entry of judgment will toll time for filing notice of appeal); *Blue v. Int'l Bhd. of Elec. Workers Local Union 159*, 676 F.3d 579, 584 (7th Cir. 2012) (noting Rule 4's "requirement that Rule 60 motions be filed within 28 days to toll the notice of appeal filing period"). Instead, Johnson waited some eleven months to file her Rule 60 motion and nearly twenty months to file her notice of appeal. Accordingly, we lack jurisdiction over the District Court's dismissal of her complaint. *Bowles v. Russell*, 551 U.S. 205, 209-10 (2007) (failure to file a timely notice of appeal deprives appellate court of jurisdiction).

Because Johnson timely appealed the District Court's denial of her Rule 60(b) motion, we have jurisdiction over that issue, but we conclude that the District Court did not abuse its discretion in denying her relief. Rule 60(c) provides that any motion for relief from judgment under Rule 60 must be filed within a reasonable time and motions seeking relief for excusable neglect must be raised no more than one year after the entry of judgment. Fed. R. Civ. P. 60(c)(1). The one-year cut-off is an "extreme limit, and the motion may be rejected as untimely if not made within a reasonable time even though the one-year period has not expired." 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2866 (3d ed. 2015) (internal quotation marks omitted). What constitutes a reasonable time depends on the facts of each case and can frequently be a period of less than one year. *See, e.g.*, *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899,

6

906 (6th Cir. 2006) (affirming denial of Rule 60(b) motion that was filed eleven months after entry of judgment); *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986) ("Contrary to [the plaintiff's] belief that all motions filed within one year of the dismissal are timely under Rule 60(b)(1), the one-year period represents an extreme limit, and the motion will be rejected as untimely if not made within a reasonable time, even though the one-year period has not expired." (internal quotation marks omitted)). A court considers many factors in evaluating whether a motion was filed within a reasonable time, including finality, the reason for delay, the practical ability for the litigant to learn of the grounds relied upon earlier, and potential prejudice to other parties. *Kagan*, 795 F.2d at 610.

Here, the District Court, relying on the factors described above, concluded that Johnson's motion was not timely. Specifically, the Court ruled that it was not reasonable for Johnson to wait eleven months to file her motion where the only explanation for the delay was that Cooney could not reach the former paralegal. That conclusion is sound, particularly since the former paralegal produced emails showing that he had apprised Cooney of the correct filing deadline for the certificates of merit. When confronted with that evidence, Cooney changed the purported reason for the late filing, claiming that it was his own failure to write the correct date on his calendar because he was "saddled with an enormous amount of additional work." (App. at 393 (internal quotation marks omitted).) Further, the affidavit from the paralegal contradicted a number of other assertions Cooney had made, including whether Cooney had been able to correspond with the paralegal between 2013 and 2014. Given those significant discrepancies and the

7

District Court's express warning to Cooney to file the Rule 60(b) motion as soon as possible, the Court did not err in concluding that there was no reasonable excuse for the delay. The District Court also found that the defendants would suffer prejudice as the case was, at that point, more than two years old and that the strong interest in the finality of judgments outweighed any reason Johnson had for the delay in filing the Rule 60(b) motion. Given those circumstances, we cannot say that the District Court abused its discretion in denying Johnson's Rule 60(b) motion as untimely.[3]

## III.  CONCLUSION

For the forgoing reasons, we will affirm the denial of Johnson's Rule 60(b) motion and dismiss the remainder of her appeal for lack of jurisdiction.

---

[3] In any event, we note that, even if the motion had been timely filed, it is highly unlikely, given the facts just discussed, that Johnson would have been able to succeed on the merits of a Rule 60 motion by establishing excusable neglect.