NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2165
_____

IN RE: ASBESTOS PRODUCTS LIABILITY LITIGATION (NO.VI)

CREIGHTON E. MILLER, Administrator of the Estate of William C. Traser,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Nos. 2-02-md-00875; 2-11-cv-33381;
2-11-cv-33382; 2-11-cv-33383; 2-10-cv-37849)
District Judge: Honorable Eduardo C. Robreno
_____

Argued on January 13, 2020

BEFORE:  HARDIMAN, PORTER, and PHIPPS, *Circuit Judges*

(Filed: March 30, 2020)

Timothy A. Swafford (**ARGUED**)
Jaques Admiralty Law Firm
645 Griswold Street
1370 Penobscot Building
Detroit, MI 48226

Alan Kellman
The Maritime Asbestosis Legal Clinic
1850
30800 Telegraph Road
Bingham Farms, MI 48226
        *Counsel for Appellant William C. Traser*

Andrew Tauber (**ARGUED**)
Mayer Brown
1999 K Street, N.W.
Washington, DC 20006

Holly M. Olarczuk-Smith
Burns White
1350 Euclid Avenue
Suite 1060, US Bank Center
Cleveland, OH 44115
  *Counsel for Appellees Sea Land Services, Inc. and Pan Atlantic Steamship, Co.*

Harold W. Henderson (**ARGUED**)
Brian J. Lamb
Thompson Hine
3900 Key Center
127 Public Square
Cleveland, OH 44114
  *Counsel for Appellees Delta Steamship Lines, Inc.; Odgen Marine, Inc.; Zapata Bulk Transport, Inc.; and Zapata Tankships, Inc.*

_____

OPINION[*]
_____


HARDIMAN, *Circuit Judge*.

In 1988, seaman William C. Traser sued multiple shipowners in the United States District Court for the Eastern District of Michigan for damages suffered from exposure to asbestos. Two years after filing suit, he died from mesothelioma. In 1991, the Judicial Panel on Multidistrict Litigation (JPML) created Multidistrict Litigation (MDL) 875, consolidating all federal asbestos personal injury cases. *In re Asbestos Prods. Liab. Litig.*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

*(No. VI)*, 771 F. Supp. 415, 416–17 (JPML 1991). Traser's cases eventually were transferred to the United States District Court for the Eastern District of Pennsylvania, which administered MDL 875. That Court dismissed Traser's action for lack of personal jurisdiction in the Northern District of Ohio, where the court perceived the cases had been transferred to decades earlier. Traser's Estate filed this timely appeal.

I

Traser's case was one of tens of thousands the Jaques Admiralty Law Firm filed in the late 1980s. The vast majority of those cases were filed in the Northern District of Ohio, but Traser's Michigan case was part of a smaller number filed in the Eastern District of Michigan. A few months after Traser's complaint was filed in Michigan, a judge of that court issued an order "designating" Judge Thomas D. Lambros of the Northern District of Ohio "to handle all asbestos-related cases filed by the Maritime Asbestos Legal Clinic and the Jaques Admiralty Law Firm." Supp. App. 140.

Nothing in the record indicates Traser's Michigan case was ever properly transferred to the Northern District of Ohio. Nevertheless, Judge Lambros of that court administered Traser's suit as part of its Maritime Docket (MARDOC).[1] All the while, Traser's suit remained pending in the Eastern District of Michigan and retained its Michigan docket number. Years later, after the creation of MDL 875, Traser's case was

---

[1] In *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 921 F.3d 98 (3d Cir. 2019) [hereinafter *Schroeder*], this Court overturned a similar dismissal for lack of personal jurisdiction in MDL 875. *See id.* at 100–01. The cases in *Schroeder* were likewise part of MARDOC, but those plaintiffs originally filed suit in the Northern District of Ohio. *Id.* at 101.

transferred from the Eastern District of Michigan, where it had been pending for over twenty years, to the Eastern District of Pennsylvania.

Six months later, in December 2010, the Eastern District of Pennsylvania dismissed Traser's Michigan case and many others in an en masse order. Contrary to that order, for some three and a half years, the District Court and the parties proceeded as if Traser's dismissed Michigan case had remained pending. For example, four months after the dismissal order, the District Court purported to consolidate Traser's Michigan case with three separate cases Traser had filed in the Northern District of Ohio.

In March 2014, the District Court granted motions to dismiss filed by shipowners Delta, Interocean Management Corporation, Ogden Marine, Zapata Bulk, and Zapata Tankships in another en masse order. In an accompanying memorandum, the District Court held that the Northern District of Ohio lacked personal jurisdiction over the shipowners. It did not analyze whether there was personal jurisdiction in the Eastern District of Michigan (which the record strongly suggests was lacking). About four years later, the District Court dismissed shipowner Sea Land without prejudice.

II

Our first duty always is to determine whether we have jurisdiction. *See, e.g.*, *Rothman v. United States*, 508 F.2d 648, 651 (3d Cir. 1975). Despite all that has transpired in the various district courts, we lack jurisdiction over this appeal.

A dismissal order "end[s] all proceedings, at which time the district court relinquishes any jurisdiction over the matter." *Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013). Because the District Court's 2010 order

4

dismissing Traser's Michigan case is valid, it had no jurisdiction to issue all subsequent orders in that case. Consequently, we lack jurisdiction to consider Traser's appeal. The District Court did not have jurisdiction when it entered the order in 2014 from which Traser appeals. And the time for Traser to appeal from the 2010 dismissal of his Michigan case has long since passed. FED. R. APP. P. 4(a)(1); *see Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Traser does not deny that the December 2010 order of court dismissed his case. But he claims the dismissal was ineffective because it was accidental. Traser points to another case in MDL 875 where the district court made the same mistake and later corrected it. *See Wilson v. Manville Corp. Asbestos Disease Comp. Fund et al.*, No. 2:11-cv-33880, Doc No. 121. In that case, plaintiff Lionel C. Wilson sued multiple vessel owners in the Northern District of Ohio for injuries suffered from exposure to asbestos. *See In re: Asbestos Prods. Liab. Litig. (No. VI)*, 661 F. App'x 173, 174 (3d Cir. 2016). Eventually, the Eastern District of Pennsylvania dismissed Wilson's case for lack of personal jurisdiction. *Id.* at 176. In a non-precedential decision foreshadowing our later opinion in *Schroeder*, we reversed, holding that the vessel owners had waived their personal jurisdiction defense. *In re: Asbestos Prods. Liab. Litig. (No. VI)*, 661 F. App'x at 178–79.

In Wilson's case, the parties did not raise the accidental-dismissal issue on appeal. Only on remand did one of the vessel owners argue that the District Court lacked jurisdiction because of the earlier (erroneous) dismissal. The District Court disagreed, explaining that "[w]hen cases [are] dismissed en masse in this fashion, it [is] because

5

plaintiffs' counsel request[s] their dismissal." App. 828. By contrast, the District Court noted, "at all times" the parties and the Court "proceeded with the understanding that this is an active case." *Id.* at 828–29.

Relying on *Wilson*, Traser invites us to ignore the 2010 dismissal order. In doing so, he glosses over the determinative difference between his case and Wilson's: there, the District Court corrected its mistaken order. Regardless of whether there was jurisdiction to do so here, or even in *Wilson*, the District Court here never attempted to make such a correction, and Traser did not timely appeal the dismissal order or move for relief under Rule 59(e).

Traser also contends that for years, the District Court and the parties remained "completely unaware" of the mistaken dismissal. Traser Br. 39. He correctly notes that all of the parties continued litigating for years without bringing the accidental dismissal to the District Court's attention. Nevertheless, Traser's counsel had a duty to notice developments in his case. A court order dismissing a case—however it comes to be entered on the docket—is nothing to be trifled with. And the fact that Traser's case was one of thousands that the law firm filed does not absolve counsel of this duty. The rules apply equally to firms that file a multitude of cases as to those that file few cases. Simply put, Traser's counsel failed to bring the matter to the District Court's attention. We cannot now pretend that a valid court order is a nullity.

III

For the reasons stated, we will dismiss Traser's appeal for lack of jurisdiction.

6